[L. A. No. 13940. In Bank.—April 24, 1933.]

PROFIRO A. GARACHICO et al., Respondents, v. ELISE FAURE, Appellant.

James Warren Bell for Appellant.

Y. B. Arsen for Respondents.

PRESTON, J.—On August 11, 1926, plaintiffs agreed to buy from defendant a certain lot in Los Angeles for the purchase price of $1200, to be paid in installments covering a period of about five years. Defendant agreed to furnish clear title, shown by certificate to that effect, and to give a good and sufficient deed to the property upon the final payment. Time was made the essence of the contract. Plaintiffs discharged their obligations in full, making the

final payment on March 31, 1931, and they then duly demanded that defendant convey clear title to them as prescribed. Failing, after repeated efforts, to secure a deed, plaintiffs instituted this action in rescission, demanding a return of the purchase price paid, with interest. Defendant admitted the allegations respecting the contract, including final payment thereon, but pleaded as a special defense that a cloud rested upon the title to said property due to a similar contract made by her with one Alvarado in 1923, upon which Alvarado made payments of about $800 and then defaulted, paying nothing after October 31, 1925, and defendant further set up the fact that she was proceeding to clear the title by the institution of a suit against said Alvarado to have his claims upon the property declared null and void; in which suit Alvarado had filed an answer and cross-complaint.

Pending the trial, however, of the present action defendant was able to secure a decree quieting her title to the property as against the claims of Alvarado. She thereupon amended her answer to set up this fact and tendered with it a deed to plaintiffs. In other words, the substance of her contention is that time was not the essence of the contract and that she proceeded diligently to clear title and now, having done so, she should in law be permitted to exchange the deed and certificate of title in satisfaction of the contract between plaintiffs and herself.

The whole case is whether or not under the contract between the parties time was made the essence thereof. The clause involved reads: ''It is understood and agreed, that time is the essence of this contract, and should the Buyer fail to comply with the terms hereof, then the Seller shall be released from all obligations in law and equity, to convey said property, and the Buyer shall forfeit all right thereto and to all moneys theretofore paid under this contract, but the Seller, on receiving the full payments at the times and in the manner above mentioned, agrees to deliver a certificate of title showing the title to be vested in Seller, and to execute and deliver to the Buyers or their assigns, a good and sufficient deed of grant, Bargain and Sale.'' Plaintiffs had judgment as prayed.

It is too clear for controversy that under said agreement time was made the essence of the contract not only

as to the covenants by the purchaser but as to the covenants by the seller as well.

The judgment is affirmed.

Langdon, J., Curtis, J., Shenk, J., Thompson, J., Seawell, J., and Waste, C. J., concurred.